IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CLINTON BOOKER, AMY BOOKER,
JOHN PRATHER AND MEGAN PRATHER                                                         PLAINTIFFS

V.                                                                      CIVIL ACTION NO. 1:25-cv-8-SA-DAS

STATE FARM FIRE AND CASUALTY COMPANY                                                    DEFENDANT

ORDER

Plaintiffs Clinton Booker, Amy Booker, John Prather, and Megan Prather initiated this civil action on November 22, 2024, in the Circuit Court of Lee County, Mississippi, pursuing claims against State Farm Fire and Casualty Company ("State Farm"). State Farm removed the action to this Court on January 17, 2025, premising jurisdiction on diversity of citizenship.

Before the Court is State Farm's Motion for Severance of Plaintiffs' Claims [7]. Plaintiffs do not oppose the Motion [7]. *See* [10] at p. 1. The Court is prepared to rule.

*Factual and Procedural Background*

Clinton and Amy Booker ("the Bookers") own a residence located at 199 Union Belle Boulevard, Saltillo, Mississippi, which is insured by State Farm under policy number 24-BP-H197-1. In the Complaint [2], the Bookers allege that their residence sustained damage as a result of two storms—one which occurred on December 9, 2023 and the other on June 9, 2024. State Farm denied both of the Bookers' claims. The Bookers bring claims for breach of contract and bad faith against State Farm.

John and Megan Prather ("the Prathers") own a residence located at 187 Union Belle Boulevard, Saltillo, Mississippi, which is insured by State Farm under policy number 24-B2-M828-6.[1] The Complaint [2] alleges that the Prathers' residence sustained damages as a result of

---

[1] Both the Bookers' and the Prathers' residences are located within the same subdivision.

the June 9, 2024 storm. State Farm denied the Prathers' claim made under their respective policy. The Prathers also bring claims for breach of contract and bad faith against State Farm.

The Bookers and the Prathers filed a joint Complaint [2]. *See generally* [2]. State Farm moves the Court to sever the Plaintiffs' claims, alleging that the claims arise from distinct litigable events under different insurance policies. *See* [7] at p. 1. In response, the Plaintiffs admit the allegations in State Farm's Motion for Severance [7] and do not express opposition to the Motion [7]. *See* [10] at p. 1.

*Standard*

"A district court has 'broad discretion' to sever parties or claims under Rule 21." *Helena Agri-Enters., LLC v. K&K Farms*, 2025 WL 552818, at *1 (S.D. Miss. Feb. 19, 2025) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)); *see also* FED. R. CIV. P. 21 ("The court may… sever any claim against a party."). "When a claim is severed under Rule 21, two separate actions result, each proceeding as a 'discrete, independent action,' and the presence of unresolved claims in one of the actions does not preclude a final judgment in the other action." *Id.* (citing *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992)) (additional citations omitted).

In considering a Rule 21 motion to sever, the Fifth Circuit lists five factors for consideration: "(1) whether claims arise out of the same transaction, occurrence, or series of transactions or occurrence[s]; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether difference witnesses and documentary proof are required for the separate claims." *Id.* (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022)).

2

*Analysis and Discussion*

Factors one and two weigh heavily in favor of severance as the Bookers' and Prathers' claims arise out of the alleged breach of their respective policies with State Farm (i.e. two different contracts). Additionally, while Plaintiffs' respective claims involve the same insurance company and one common storm, their claims involve two different properties and this too supports severance. *See McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852, at *2 (S.D. Miss. Sept. 6, 2006) (severing the plaintiffs' respective claims related to property damage caused by Hurricane Katrina). Different evidence and witnesses would likely be needed at the trial of the Plaintiffs' respective claims and, therefore, the fifth factor weighs in favor of severance. Resultantly, the third factor weighs in favor of severance because the individual circumstances surrounding the Plaintiffs' respective claims require severance to promote judicial economy. The fourth factor weighs in favor of severance because the individual circumstances surrounding the Plaintiffs' respective claims could prejudice State Farm if presented in a single trial as jurors could potentially confuse the facts.

In summary, all five factors weigh in favor of granting State Farm's Motion [7]. The Court again notes that Plaintiffs do not oppose the Motion [7]. *See* [10] at p. 1.

*Conclusion*

For the reasons set forth above, State Farm's Motion for Severance of Plaintiffs' Claims [7] is GRANTED.

IT IS ORDERED that:

1) The Bookers' claims shall remain in Civil Action 1:25-cv-8-SA-DAS. The Prathers' claims shall be severed into a new civil action and they shall be terminated as Plaintiffs in the original action;

2) The new civil action for the Prathers will be styled *John Prather and Megan Prather v. State Farm Fire and Casualty Company*, and the corresponding civil action number is 1:25-CV-107-SA-DAS. In the interests of judicial economy and considering the circumstances, the new civil action for the Prathers will, like the original case, be assigned to Senior United States District Judge Sharion Aycock and Magistrate Judge David Sanders;

3) Each set of Plaintiffs shall file an amended complaint in their respective civil action within 14 days of this Order. The amended complaints must set forth *only* the factual allegations relevant to each set of Plaintiffs' respective claims;

4) The Clerk of Court shall include the record from Civil Action 1:25-cv-8-SA-DAS from the inception of the case to date, including this Order, as part of the record for the new civil action for the Prathers. All filings in Civil Action 1:25-cv-8-SA-DAS will be deemed filed in Civil Action 1:25-CV-107-SA-DAS as of the dates shown on the docket sheet for Civil Action 1:25-cv-8-SA-DAS; and

5) As the party asserting federal jurisdiction, State Farm shall pay the requisite filing fee for Civil Action 1:25-CV-107-SA-DAS within 10 days of this Order.

SO ORDERED, this the 30th day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE